IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AIR LIQUIDE MEXICO S. de R.L. de C.V. and AIR LIQUIDE PROCESS AND CONSTRUCTION, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> TALLERES WILLIE, INC., BERNARDO AINSLIE, FELIX NINO LEIJA, TRAILBLAZER PILOT CAR SERVICES, LLC, CLAUDE JOSEPH KIMMEL d/b/a FREEDOM PILOT CAR SERVICES, CHARLES VAN KIRK d/b/a SLINGSHOT PILOT ESCORT SERVICES, WHEELING EQUIPMENT COMPANY, INC., GEORGE ORTIZ, and CONTRACTORS CARGO COMPANY, <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. H-14-211 |

MEMORANDUM AND ORDER

Pending is Plaintiffs Air Liquide Mexico S. de R.L. de C.V. and Air Liquide Process and Construction, Inc.'s Motion to Remand (Document No. 8). After carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows.

I. Background

Plaintiffs Air Liquide Mexico S. de R.L. de C.V. ("Air Liquide Mexico") and Air Liquide Process and Construction, Inc. ("Air Liquide Process," together with Air Liquide Mexico, "Plaintiffs")

purchased a purification skid, which is a specialized piece of refinery processing equipment, to be used in Air Liquide Mexico's facilities in Mexico.[1] The purification skid was over 60 feet long, over 15 feet tall, over 15 feet wide, weighed approximately 63 tons, and was valued at approximately $1 million.[2] The purification skid was shipped from India to Houston, from whence Plaintiffs contracted with Defendant Contractors Cargo Company ("Contractors Cargo") to transport it by tractor trailer overland to Mexico.[3]

Plaintiffs allege that Contractors Cargo constructed a 140 feet long custom-made trailer for the purification skid and then, acting as a broker, contracted with Defendant Talleres Willie, Inc. ("Talleres Willie") to transport the trailer and the purification skid to Mexico.[4] On March 4, 2013, a train hit the trailer as it was stopped across the tracks at a railroad crossing in Magnolia, Texas, severely damaging the purification skid.[5]

Plaintiffs brought suit in state court against Contractors Cargo, Talleres Willie, and seven other Defendants involved in the transportation of the purification skid, alleging negligence,

---

[1] Document No. 1-3 ¶ 20 (Orig. Pet.).

[2] Id.

[3] Id. ¶¶ 20-21.

[4] Id. ¶¶ 22-23.

[5] Id. ¶ 29.

2

negligence per se, gross negligence, negligent entrustment, and negligent hiring.[6] Before any other Defendants were served, Contractors Cargo timely removed the suit, alleging that Plaintiff's claims are preempted by 49 U.S.C. §§ 14501(c)(1) and 14706.[7] All Defendants who since have been served have filed formal consents to removal. Plaintiffs moved to remand.[8]

## II. Legal Standard

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." Beneficial Nat. Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003); 28 U.S.C. § 1441(b). The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. Clayton v. ConocoPhillips Co., 722 F.3d 279, 290 (5th Cir. 2013). To determine whether jurisdiction is present for removal, the court considers the claims in the state court petition as they existed at the time of removal. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Any doubt about the propriety of the removal is to be resolved in favor of remand. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008).

---

[6] Id. ¶¶ 37-57.

[7] Document No. 1.

[8] Document No. 8.

Generally, a plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively on state law. Caterpillar Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987). However, "a state claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial, 123 S. Ct. at 2063. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Id. Complete preemption exists only when Congress intends the statute to provide the "exclusive cause of action for the particular claims asserted under state law." Elam v. Kansas City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011); see also Beneficial, 123 S. Ct. at 2064.

### III. Analysis

The Fifth Circuit has recognized that Congress intended for the Carmack Amendment to the Interstate Commerce Act[9] to "provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*," and that the complete preemption doctrine therefore applies to such claims. Hoskins v. Bekins Van Lines, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis in original). This suit arises out

---

[9] 49 U.S.C. § 14706.

4

of damage to Plaintiffs' property while it was being transported by truck from Texas to Mexico, so their claims fall squarely within the subject matter preempted by the Carmack Amendment. Plaintiffs concede this principle, but argue that the Carmack Amendment does not apply to this case because (1) the parties contracted out of the Carmack Amendment, and (2) Contractors Cargo is a broker, not a common carrier, and hence was not entitled to remove the case.[10]

A. Contract Carriage under 49 U.S.C. § 14101(b)

Plaintiffs argue that they contracted out of the Carmack Amendment because the specialized type of transportation in this case constitutes "contract carriage" under to 49 U.S.C. § 14101(b).[11] That provision authorizes a carrier to "enter into a contract with a shipper . . . to provide specified services under specified rates and conditions," and provides that "[i]f the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies." 49 U.S.C. § 14101(b)(1). This provision "allows parties to contract around the system of federal regulatory 'default rules' that the Carmack

---

[10] Document No. 8 ¶¶ 26-39.

[11] Id. ¶¶ 26-33. The term 'contract carriage' is statutorily defined as "service provided under an agreement entered into under section 14101(b)." 49 U.S.C. § 13102(4)(B).

5

Amendment established." Knight Transp., Inc. v. Westinghouse Digital Electronics, LLC, 3:07-CV-1210-D, 2008 WL 194739, at *1 (N.D. Tex. Jan. 22, 2008) (Fitzwater, J.) (citations omitted).

Plaintiffs have not produced or referenced any writing or contract in which the shipper and carrier "expressly waive any or all rights and remedies" under the Carmack Amendment for the transportation of the equipment, as required by 49 U.S.C. § 14101(b)(1). Instead, Plaintiffs produce excerpts from a Purchase Order evidently issued by Air Liquide Mexico to Hansa Meyer Global Transportation for one "Project: Ternium, Managing Freight Forwarder for Project 7964--Ternium," at a unit price of $1,934,426.88. On pages 2 and 3 of the Purchase Order, certain exceptions are listed to Air Liquide Mexico's "General Conditions ALM Terms & Conditions 06/07/12," including at item 9 that "[t]he laws of the [United Mexican States] shall govern the Agreement," and that "[a]ny dispute, controversy or claim between the Parties derived from or related to the Agreement . . . shall be resolved by the binding arbitration under the rules of the International Chamber of Commerce in [Bermuda]." Plaintiffs in their Original Petition do not name Hansa Meyer Global Transportation as a defendant in this case, nor do Plaintiffs assert any cause of action based on this Purchase Order, nor, for that matter, do Plaintiffs even make reference to this Purchase Order in their Original Petition. Moreover, whatever claims Plaintiffs may have

related to their Purchase Order issued to Hansa Meyer not only are governed by Mexican law but also are subject to binding arbitration in Bermuda. Plaintiffs have cited no authority or legal rationale as to why those terms lifted from that Purchase Order should be construed against the carrier in this case, who was not a party to the Purchase Order, as a "writing" that "expressly waive[s] any or all rights and remedies" under the Carmack Amendment. *See* 49 U.S.C. § 14101(b)(1); *see also*, Midamerican Energy Co. v. Start Enterprises, Inc., 437 F. Supp. 2d 969, 973 (S.D. Iowa 2006) (contract providing that "the law of the State of Iowa will be given the interpretation, validity and effect of this Contract without regard to the place of execution or place of performance thereof" not sufficiently explicit to express an intent to avoid the rights and remedies of the Carmack Amendment).

The Purchase Order issued by Plaintiffs to non-party, non-carrier Hansa Meyer, agreeing to Mexican law and arbitration in Bermuda, constitutes no waiver by the carrier in this case of "any or all rights and remedies" under the Carmack Amendment.[12] Absent

---

[12] Plaintiffs make an additional argument, based on Ensco, Inc. v. Weicker Transfer & Storage Co., 689 F.2d 921, 926-27 (10th Cir. 1982), that the specialized nature of the transportation in this case in and of itself is sufficient to exclude it from the Carmack Amendment as 'contract carriage.' Document No. 8 ¶¶ 29-31. The argument is without merit. Ensco predates Congress's enactment of 49 U.S.C. §§ 13102(4) and 14101(b)(1) on December 29, 1995, which now define "contract carriage." *See* 49 U.S.C. § 13102(4) ("The term 'contract carriage' means-- (A) for transportation provided before January 1, 1996, service provided pursuant to a permit issued under section 10923, as in effect on December 31, 1995; and

any legal authority to the contrary, the Court is constrained to apply the statute as written, and the contract "expressly waiving" the Carmack Amendment therefore must be in a writing between the "shipper and carrier," and Plaintiffs have shown none. *See* 49 U.S.C. § 14101(b)(1).

B. <u>Exception for Brokers</u>

Plaintiffs argue that remand is further required because the Carmack Amendment does not encompass claims against brokers, and Contractors Cargo, a broker, therefore had no basis to remove this case to federal court.[13] *See* <u>Chatelaine, Inc. v. Twin Modal, Inc.</u>, 737 F. Supp. 2d 638, 641 (N.D. Tex. 2010) (defendant was broker, not carrier, and thus there was no preemption under Carmack Amendment); <u>Huntington Operating Corp. v. Sybonney Exp., Inc.</u>, CIV.A. H-08-781, 2009 WL 2423860, at *3 n.1 (S.D. Tex. Aug. 3, 2009) (Harmon, J.) ("The Court notes in passing that the Carmack Amendment, which precludes all other causes of action for carrier liability, does not extend to transportation brokers.").

Plaintiffs allege that Contractors Cargo was a broker but they also allege in their Original Petition that Talleres Willie was a carrier, and that "Contractors Cargo (as "BROKER") contracted with

---

(B) for transportation provided after December 31, 1995, service provided under an agreement entered into under section 14101(b).").

[13] Document No. 8 ¶¶ 34-39.

8

Defendant Talleres Willie, Inc. (as "CARRIER")."[14] It is the claim against the carrier that is the removable claim, and Contractors Cargo--which recognized such--was entitled to initiate the removal. "That the federal claim was brought against a defendant other than the one who initiated the removal is immaterial." Smith v. Smart Buy Homes, CIV-08-89-C, 2008 WL 5122840, at *1 (W.D. Okla. Dec. 4, 2008) (finding that federal question was present on the face of the state court petition even though the defendant against whom the federal claim was alleged had not been served); Cartwright v. Thomas Jefferson University Hosp., 99 F. Supp.2d 550, 553 (E.D. Pa. 2000) ("[I]f a case is removable, any defendant, including a defendant not named in any federal-law count, must be permitted to file a notice of removal."); Solis v. Chase Bank USA, N.A., EP-05-CA-453-DB, 2006 WL 487855 (W.D. Tex. Feb. 8, 2006) (removal on federal question jurisdiction proper by a defendant against whom the federal question claim was not alleged).[15] Therefore, although Plaintiffs' claims against Contractors Cargo are not preempted by the Carmack Amendment, Plaintiffs' claims against Talleres Willie for negligence, negligence per se, gross negligence, and negligent hiring are all claims "for loss or damages to goods arising from

---

[14] Document No. 1-3 ¶ 23.

[15] As observed above, after having been served, Talleres Willie consented to the removal to federal court, stating it was "the only appropriate forum for Plaintiffs to litigate their claims against Defendants." (Document No. 24, at 2).

the interstate transportation of those goods by a common carrier," to which complete preemption applies. <u>Hoskins v. Bekins Van Lines</u>, 343 F.3d 769, 778 (5th Cir. 2003) (state law claims for negligence, breach of contract, and violation of the Texas Deceptive Trade Practices Act preempted by Carmack Amendment). The Court therefore has original jurisdiction because Plaintiffs' claims against Talleres Willie arise under the Carmack Amendment and the matter in controversy exceeds $10,000. *See* 28 U.S.C. § 1337(a).

C. <u>Supplemental Jurisdiction</u>

A district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). These claims must "derive from a common nucleus of operative fact" such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." <u>United Mine Workers of Am. v. Gibbs</u>, 86 S. Ct. 1130, 1138 (1966).

All of Plaintiffs' claims against all Defendants arise out of damage to the purification skid when it was hit by a train on March 4, 2013. Plaintiffs allege that

> All Defendants were engaged in a concerted effort to transport the [purification] skid for profit. Each Defendant had control over the others with regard to the execution of the transport. On information and belief, all Defendants had an express or implied agreement to complete their common interest to transport the [purification] skid for profit, and each Defendant had an

equal right to a voice in the safe direction of the enterprise (transporting the [purification] skid), which gave each Defendant an equal right of control over the transport.[16]

Plaintiffs' claims against the other Defendants thus share "a common nucleus of operative fact" with their claims against Talleres Willie, and the Court has supplemental jurisdiction over all of Plaintiff's claims. Removal of the case was proper, and Plaintiffs' Motion to Remand is denied.

### IV. Order

Based on the foregoing, it is

ORDERED that Plaintiffs Air Liquide Mexico S. de R.L. de C.V. and Air Liquide Process and Construction, Inc.'s Motion to Remand (Document No. 8) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 4TH day of June, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[16] Document No. 1-3 ¶ 35.